**Paul GARVER, Plaintiff–Appellant,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut corporation, Defendant–Appellee.**

No. 06–56615.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 15, 2008.

John K. Grant, Esq., Kennerson & Grant LLP, San Diego, CA, for Plaintiff–Appellant.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Edith S. Shea, Esq., Burke Williams & Sorensen LLP, Los Angeles, CA, for Defendant–Appellee.

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.*

MEMORANDUM **

Plaintiff-appellant Paul Garver appeals the district court's judgment in favor of Hartford Life & Accident Insurance Company ("Hartford") on his breach of contract claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible ..." Cal. Civ.Code § 1639. We conclude that the operative paragraph of the settlement agreement is ambiguous as to the parties' intention with respect to the ongoing benefit payments. The district court properly admitted extrinsic evidence to resolve the ambiguity. *See WYDA Assocs. v. Merner,* 42 Cal.App.4th 1702, 1709, 50 Cal.Rptr.2d 323 (Ct.App.1996). The district court's interpretation is a reasonable construction and is supported by substantial evidence. *See* Witkin, *Summary of California Law* (10th ed. 2005) § 741 (where properly admitted extrinsic evidence is in conflict, any reasonable construction will be upheld). Hartford is therefore contractually obligated to pay Garver a maximum of $10,000 per month in disability benefits for the duration of his eligibility. We therefore affirm the district court's conclusion that Hartford did not breach the settlement agreement. We do not reach the district court's alternative finding of unilateral mistake.

We also conclude that the claim for breach of the implied covenant of good faith and fair dealing is without merit. *See Karen Kane Inc. v. Reliance Ins. Co.,* 202 F.3d 1180, 1190 (9th Cir.2000).

**AFFIRMED.**

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.